Morgan Smith Executive Director Department of Local Affairs 1313 Sherman Street, #518 Denver, CO 80203
Dear Mr. Smith:
This is in reply to your letter of March 9, 1983, wherein you present questions concerning the limitation on statutory tax levies (C.R.S. 1973, 29-1-301).
QUESTIONS PRESENTED AND CONCLUSIONS
1. Does the division's "Property Tax Limitation" form DLG-53 (copy attached) imply direction to extend a mill levy pursuant to C.R.S. 1973, 39-1-111(3)?
 My conclusion is no. However, if the property tax limitation form (DLG-53) has misled assessors to the extent that modification of the form is deemed advisable, clarification could be accomplished merely by stamping on the form the following:
 A previous year levy will not be extended by an assessor until directed by the division of local government.
(C.R.S. 1973, 39-1-111(3).
2. When a county assessor corrects omissions and errors in the valuation of an assessment after the levies have been certified, pursuant to C.R.S. 1973, 39-5-125, must the levies then be lowered to be within the limits prescribed in C.R.S. 1973, 29-1-301? If so, who has authority to lower those levies?
 Yes. Consistent with the statutory limitation set forth in C.R.S. 1973, 29-1-301(1) the levies should be lowered. However, in some instances this may be impracticable due to time constraints if the tax roll has been printed or is in the process of being printed.
 Upon notification by the assessor of a change in the valuation for assessment after certification, a board of county commissioners or other body authorized by law to levy property taxes can make corresponding adjustments in the tax levies. (C.R.S. 1973, 39-1-111(5)).
ANALYSIS
1. Form DLG-53 titled "Property Tax Limitation," is used by the Division of Local Government to advise assessors, boards of county commissioners, and other taxing authorities of the limitation on tax levies in order to comply with the provisions of C.R.S. 1973, 29-1-301 et seq. You inquire as to whether the form can be construed by assessors and taxing authorities as a directive from the Division of Local Government for the assessor to extend the levies of the previous year (C.R.S. 1973, 39-1-111(3)). It is my opinion that form DLG-53 should not be construed by an assessor as a directive to extend the levies of the previous year.
Even so, an examination of the file which you forwarded with your letter requesting this opinion reveals that at least one county assessor construed the data and remarks appearing on form DLG-53 to be a directive for him to extend the prior year levies. The form could be clarified to remove any possible ambiguity by amending the form to add a specific statement that a prior year's levy will not be extended until directed by the Division of Local Government. The statement which I quoted, above, should suffice to eliminate any future problems.
2. If, after certification of the valuation for assessment by the assessor, pursuant to C.R.S. 1973, 39-5-128, the assessor corrects omissions and errors in the assessment roll, in accordance with C.R.S. 1973, 39-5-125, the assessor must give notice of the changes in the valuation for assessment to the board of county commissioners or other body authorized by law to levy property taxes. Upon receipt of such notification, such board or body can make corresponding adjustments in the tax levies (C.R.S. 1973, 39-1-111(5)).
These adjustments due to the correction of omissions and errors should be taken into account in the determination of the statutory tax levies consistent with the provisions of C.R.S. 1973, 29-1-301 et seq.
Significantly, C.R.S. 1973, 39-5-121(2) provides that no later than September 15 of each year, the assessor shall notify each taxing district and the Division of Local Government of the total valuation for assessment of land and improvements within the district.
Notification should also be given when the assessor changes the assessment roll because of his actions in the correction of errors or omissions pursuant to C.R.S. 1973, 39-5-125. The Division of Local Government should consider all such changes in valuation in determining the levy limitation (C.R.S. 1973, 29-1-301). If a change cannot be taken into consideration in the year made because of time constraints, it is believed that the change should be considered in the determination of the 7 percent limitation in the following year. Presently, C.R.S. 1973,29-1-301(2) would permit consideration, in the following year, those changes in the assessment roll where an increase over 7 percent was previously approved by the Division of Local Government. In those instances where the levy by the taxing authority was not increased over 7 percent, there is a lack of statutory authority specifically authorizing the Division of Local Government to consider the changes in the assessment roll in the following year. However, it appears to be the intent of the legislature that the 7 percent limitation is to apply unless otherwise provided. Accordingly, it is believed that changes in the assessment roll, because of the correction of errors or omissions, should be considered by the Division of Local Government in determining the 7 percent limitation the following year when, because of time constraints, the change cannot be considered in the year in which made. Since the statutes do not specifically cover this situation, you may desire to seek clarifying legislation.
SUMMARY
Form DLG-53 is not authority for an assessor to extend prior years' tax levies, pursuant to C.R.S. 1973, 39-1-111(3), unless so directed by the Division of Local Government. Any ambiguity in the form can be rectified by a clarifying statement, as stated above.
The statutory tax levy limitations set forth in C.R.S. 1973,29-1-301 et seq. are applicable when the assessor changes the assessment roll because of omissions or the correction of errors. The changes, as reflected in the amended roll, should be taken into consideration by the Division of Local Government and tax authorities in complying with the statutory tax levy limitation specified by the legislature in C.R.S. 1973,29-1-301.
Very truly yours,
 DUANE WOODARD Attorney General
TAXATION AND REVENUE
C.R.S. 1973, 39-1-111(3) C.R.S. 1973, 29-1-301
C.R.S. 1973, 39-1-111(5) C.R.S. 1973, 39-5-121(2)
AFFAIRS, LOCAL, DEPT. OF Local Government, Div. of
Holding that (1) DLG-53, a form of the Division of Local Government, is not a directive to extend a prior year mill levy and (2) errors corrected in the assessment roll after certified should be considered in determining the 7 percent limitation.